IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM GREGORY COOK #165-816 | : |
|    Petitioner | : |
|       vs. | :  Civil Action No. PJM-09-1969 |
| DAVID BLUMBERG, et al., | : |
|    Rspondent | : |

## MEMORANDUM OPINION

On July 27, 2009, Petitioner Wiliam Gregory Cook, presently detained at the Jessup Correctional Institution (JCI), filed the present habeas corpus action against the Chairman of the Maryland Parole Commission and Sheilia Hughes, a parole agent. He alleges that a parole retake warrant was improvidently issued, resulting in his May 5, 2009, apprehension. He further alleges a violation of due process because his parole revocation hearing has not been convened within sixty day. Petitioner shall be granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

Before Petitioner can challenge the constitutionality of the Maryland parole statutes as applied against him, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See generally* 28 U.S.C. §2254(b) and (c), and Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts; see also Granberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982).

Petitioner has been given a preliminary hearing whereby he received the statement of charges leading to the issuance of the parole violation warrant. A hearing has not yet been held. Clearly, review of any revocation decision by the State courts has not occurred. Because

Petitioner has not met the exhaustion requirement, a separate order shall be entered dismissing the instant petitioner without prejudice to the rights of Petitioner to file the appropriate civil action at a later date.

July 31, 2009

/s/
By ALEXANDER WILLIAMS, JR.
For PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE